UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-                                                                          18-cr-393 (LAK)

CARLOS SERRANO,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        On October 29, 2018, defendant pleaded guilty to one count of possessing with intent to distribute a kilogram of heroin and one count of possessing with intent to distribute a kilogram of cocaine. The cocaine possession took place in Florida in October 2016, and the heroin possession took place in New York in March 2018, at which time defendant was on bail pending charges for the cocaine offense. The Court sentenced defendant to 87 months of imprisonment. He is scheduled for release on June 4, 2024.

        Defendant now moves for compassionate release. He contends that his hypertension and age – he is 55 years old – place him at a heightened risk of death or serious injury if he were to contract COVID-19, and that further incarceration would increase his likelihood of being infected with the virus. He asks to be permitted to serve the remainder of his sentence on home confinement with his sister in Florida.

        Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment upon a defendant's motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'"[1] Defendant asserts that he has complied with this requirement, and the government does not challenge his assertion.

Where the exhaustion requirement is met, a court may modify a defendant's sentence if (1) there are "extraordinary and compelling reasons" warranting a sentence modification, (2) the modification is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the modification is supported by the factors set forth in 18 U.S.C. § 3553(a).[2] The portion of the policy statement on which defendant relies, set forth in the Sentencing Guidelines at Section 1B1.13 and its Application Notes, Subdivision (D), authorizes early release where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [S]ubdivisions (A) through (C)."[3]

As to the first requirement, the Court is not persuaded that the combination of defendant's hypertension and age of 55 years amounts to an extraordinary and compelling circumstance warranting his release. While there is evidence linking hypertension to an increased risk of health complications associated with COVID-19, hypertension is a common and treatable condition, and defendant has not argued or presented evidence that his condition is particularly serious or, for that matter, not fully controlled by medication. And while defendant's age apparently

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] 18 U.S.C. § 3582(c)(1)(A)(i).

[3] U.S.S.G. § 1B1.13, cmt.1(D). Defendant disclaims direct reliance on the other three subdivisions of the policy statement. *See* Dkt. 35 at 4, Dkt. 37 at 2.


increases his risk to at least some degree, he is not so advanced in age as to fall into an excessively high risk group.

For similar reasons, and assuming both that the policy statement applies here[4] and that the Court has the authority to apply Subdivision (D) absent a finding from the Director of the Bureau of Prisons,[5] the Court is not persuaded that defendant's conditions qualify as "extraordinary and compelling" under Subdivision (D).

Finally, the Court concludes that defendant's application fails under the sentencing factors set forth in 18 U.S.C. § 3553(a). "Those factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) 'the need for the sentence imposed' to, among other objectives, 'provide just punishment for the offense,' and (3) the Sentencing Guidelines range."[6]

---

[4] As this Court has stated previously, "the question whether it is bound by the Sentencing Commission's . . . compassionate release policy statement is a much debated question and thus so too are the grounds on which the court may grant relief in a case like this." *See, e.g., United States v. Canales*, No. 16-cr-212 (LAK), 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (citations omitted); *United States v. Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *2 (S.D.N.Y. June 4, 2020).

[5] Subdivision (D) permits early release where "the Director of the Bureau of Prisons" determines that "there exists in the defendant's case an extraordinary and compelling reason" justifying his early release, other than those outlined in Subdivisions (A) through (C). U.S.S.G. § 1B1.13, cmt.1(D). Defendant does not contend that this requirement is met here, although he argues for the first time in his reply brief that several district courts have found that Subdivision (D) permits a district court, rather than the Director of the Bureau of Prisons, to make the necessary determination. *See, e.g., United States v. Daugerdas*, No. 09-cr-581, 2020 WL 2097653, at *2 (S.D.N.Y. May 1, 2020) (citing cases). The government, which incorrectly assumes that defendant's motion is based on Subdivision (A), fails to address Subdivision (D). The Court assumes that defendant is correct but expresses no opinion on this issue in light of the lack of briefing.

[6] *Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *3 (quoting 18 U.S.C § 3553(a)).

4

In a period of less than two years, defendant was caught twice in possession of large quantities of narcotics. On the second occasion, he was on bail pending the resolution of the first charge. These are serious crimes, and the 87 month sentence that the Court imposed, which was at the low end of the stipulated guidelines range of 87 to 108 months of imprisonment, reflected the need to punish defendant for his repeated misconduct and to deter major narcotics distributors. Releasing defendant to home confinement after he has been incarcerated for just 27 months would undermine the need for the sentence imposed.

The Court reaches this conclusion despite defendant's argument that his hypertension and age place him at a heightened risk of adverse medical consequences if he were to contract COVID-19. While the Court does not discount the risks or the legitimate concerns of incarcerated individuals more generally, it is not persuaded, for the reasons noted above, that the health risks faced by defendant outweigh the considerations that led to his sentence.

Defendant's motion for compassionate release [Dkt. 35] is denied.

SO ORDERED.

Dated:   July 28, 2020

_____
Lewis A. Kaplan
United States District Judge